IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ERVIN JONES,

    Plaintiff,                                   No. CIV S-05-0882 FCD DAD P

    vs.

EL DORADO COUNTY BOARD
OF SUPERVISORS, et al.,

    Defendants.                           ORDER

/

        Plaintiff, a civil detainee confined in Coalinga State Hospital, is proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Pursuant to this court's January 14, 2008 order, plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff identifies as defendants the El Dorado County Board of Supervisors, Sheriff Jeff Neves, Captain Altmeyer, Lieutenant Pamela Lane, Sergeant Edwards, Dr. Steber, Nurse Lisa Issaacson, Nurse Karen Keller, Unknown Nursing Staff, and Unknown Correctional Detention Staff.

Plaintiff alleges that, while housed at the correctional facility of El Dorado County, defendants repeatedly subjected him to unconstitutional conditions of confinement.  Specifically, plaintiff alleges that he was unnecessarily exposed to bodily fluids and waste in his cell and in the shower area; he received food that was left out in the open and uncovered; he was not allowed to make confidential telephone calls; he was forced to live in a cell where the lights

remained on twenty-four hours a day; he was denied meaningful access to the law library; he was denied any meaningful opportunity to exercise his religion; he was forced to endure strip searches; he could not receive unopened mail; and he was denied "sick call" and his medication.

Plaintiff's amended complaint fails to allege in specific terms how any of the named defendants were involved in the alleged unconstitutional conditions of confinement. In this regard, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he is advised that he must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. In plaintiff's amended complaint, he lists a number of defendants that he wishes to proceed against in this action. However, plaintiff fails to allege any specific causal link between the actions of the named defendants and the claimed constitutional violations. If plaintiff elects to file a second amended complaint, he should try to allege facts explaining how each of the named defendant was involved in the alleged deprivation of his federal constitutional or statutory rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official

/////

participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

   Plaintiff is informed that court cannot refer to prior pleadings in order to make his second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's March 14, 2008 amended complaint is dismissed;

   2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

   3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: June 11, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone0882.14am