IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ERVIN JONES,

        Plaintiff,                No. CIV S-05-0882 FCD DAD P

    vs.

EL DORADO COUNTY BOARD
OF SUPERVISORS, et al.,

        Defendants.         <u>ORDER</u>

/

        Plaintiff is a civil detainee proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

        The court finds that plaintiff's second amended complaint appears to state cognizable claims for relief against the following defendants: El Dorado County Board of Supervisors, Sheriff Neves, Captain Altmeyer, Sergeant Edwards, and Officer McTurnin. <u>See</u> 42 U.S.C. § 1983 & 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        The court also finds that plaintiff's second amended complaint fails to state cognizable claims for relief against the following defendants: Chief Medical Officer Steber, Lieutenant Lane, Chief of Nursing Isaacson, Nurse Keller, Nurse White, and Nurse Bachar. As

1

the court previously advised plaintiff, he may not proceed against a defendant, such as defendant Steber, under a theory of respondeat superior. In addition, as the court previously advised plaintiff, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In his second amended complaint, plaintiff has once again failed to allege an actual connection or link between the actions of defendants Lane, Isaacson, Keller, White, and Bachar and the constitutional deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, the court will not order service of plaintiff's second amended complaint on these defendants.

  Accordingly, IT IS HEREBY ORDERED that:

  1. Service of the second amended complaint is appropriate for the following defendants: El Dorado County Board of Supervisors, Sheriff Neves, Captain Altmeyer, Sergeant Edwards, and Officer McTurnin.

  2. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet, and a copy of the second amended complaint filed July 10, 2008 (Docs. 21 & 22).

  3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

/////

/////

|  |  |
|---|---|
| 1 |     c. One completed USM-285 form for each defendant listed in number 1 |
| 2 |     above; and |
| 3 |     d. Six copies of the second amended complaint filed July 10, 2008. |

    4. Plaintiff shall not attempt to effect service of the second amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 15, 2009.

                /s/ Dale A. Drozd
                DALE A. DROZD
                UNITED STATES MAGISTRATE JUDGE

DAD:9
jone0882.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ERVIN JONES,

        Plaintiff,                    No. CIV S-05-0882 FCD DAD P

    vs.

EL DORADO COUNTY BOARD
OF SUPERVISORS, et al.,         NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ <u>one</u> completed summons form;

        _____ <u>five</u> completed USM-285 forms; and

        _____ <u>six</u> true and exact copies of the second amended complaint filed July 10, 2008.

DATED: _____.

                                                                         _____
                                                                         Plaintiff